UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESUS AREN GALO (#3844)                                    CIVIL ACTION

VERSUS

HAMPTON LEA, ET AL.                                        NO. 13-0401-SDD-RLB

## O R D E R

The *pro se* Plaintiff, a prisoner confined at a facility operated by the East Louisiana Mental Health System and located in Jackson, Louisiana, instituted the above-captioned proceeding by filing a *Complaint* in this Court on a form designated for the assertion of claims brought pursuant to 42 U.S.C. § 1983. Named as Defendants herein are Hampton Lea and Thaddeus Erato, but the *Complaint* contains no factual allegations whatever and states only, in conclusory fashion, that the Defendants have failed to provide medical treatment, have failed to treat Plaintiff with respect and dignity, and have engaged in abusive behavior, including neglect and lack of professionalism on unspecified dates. In his claim for relief, the Plaintiff requests only that the Court provide him with "whatever the Court's thinks I deserve."

Pursuant to Rule 8(a)(2) and (3) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain both "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Accordingly, upon a finding by the Court that the Plaintiff's *Complaint* did not comply with Fed.R.Civ.P. 8(a), because it failed to provide any factual details regarding the alleged wrongful conduct undertaken by the Defendants or the locations or dates upon which such

wrongful conduct may have occurred, the Court entered an *Order*[1] on September 30, 2013 directing the Plaintiff to file, within twenty-one (21) days of the date of the *Order*, "an amended or supplemental *Complaint* stating therein, with factual detail and specificity, the alleged wrongful conduct engaged in by the Defendants and the locations and dates upon which such wrongful conduct may have occurred." *Id.* The Plaintiff was also specifically advised that "a failure to comply with the Court's *Order* in this respect may result in the dismissal of the Plaintiff's action without further notice by the Court." *Id.*

Notwithstanding notice and an opportunity to appear, a review of the record reflects that the Plaintiff has not responded to the Court's *Order*. The Plaintiff, therefore, has failed to comply with an *Order* of this Court without any justifiable explanation for his failure to do so.

Based on the foregoing, it appears that the Plaintiff has lost interest in the prosecution of this action. Further, in light of his failure to respond to the Court's *Order*, the imposition of a sanction under Rule 16(f) of the Federal Rules of Civil Procedure is called for, and the imposition of a sanction less severe than dismissal is not feasible and would likely be futile. As a practical matter, this case cannot proceed if the Plaintiff refuses to comply with the Court's *Order* and provide the information necessary for an evaluation and resolution of his claim. The Plaintiff's failure to appear or respond to the Court's *Order* effectively deprives the Defendants of an opportunity to prepare for any hearing or trial, or to clear themselves of the allegations made against them. The Defendants, too, are entitled to their day in court. The best interests of justice do not require that the Defendants remain under allegations of misconduct until the Plaintiff

---

[1] Rec. Doc. 8.

decides to proceed as required in this case. Therefore, the imposition of a sanction short of dismissal, without prejudice, would be ineffective under the circumstances of this case. See *John v. State of Louisiana*, 828 F.2d 1129 (5th Cir. 1987). Therefore,

**IT IS ORDERED** that the Plaintiff's *Complaint* be dismissed, without prejudice, for failure to comply with the Court's *Order* pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana, this __19__ day of November, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA